IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| RINEHART RACING, INC. ) | |
| ) | |
| Plaintiff, ) | **COMPLAINT** |
| ) | **FOR DECLARATORY RELIEF** |
| v. ) | |
| ) | |
| S&S CYCLE, INC. ) | |
| ) | **JURY TRIAL DEMANDED** |
| Defendant. ) | |
| ) | |

Plaintiff Rinehart Racing, Inc., for its Complaint against Defendant S&S Cycle, Inc. ("Defendant" or "S&S"), alleges as follows:

1. This is an action for a Declaratory Judgment and other relief brought under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-02.

2. Plaintiff is a corporation organized and existing under the laws of the State of North Carolina, having an address of 49 Old Spring Drive, Enka, North Carolina 28728, and is doing business in this State and District.

3. On information and belief, Defendant S&S is a Wisconsin corporation, and is doing business in this State and District.

4. This Court has jurisdiction over the subject matter of this action on at least the following grounds:

   (a) 28 U.S.C. § 1331, this being a civil action arising under the laws of the United States;

   (b) 28 U.S.C. § 1337(a), this being a civil action arising under an Act of Congress regulating commerce and protecting trade and commerce; and

(c) 28 U.S.C. § 1338(a), this being a civil action arising under an Act of Congress relating to alleged trademark rights.

5. This Court may declare the rights and other legal relations of the parties in this case under 28 U.S.C. § 2201, and Rule 57, Fed. R. Civ. P., because an actual and justiciable controversy exists concerning the rights of, and legal relations between, Plaintiff and Defendant.

6. This Court has personal jurisdiction over Defendant consistent with the principles underlying the U.S. Constitution and N.C. Gen Stat. § 1-75.4 because, upon information and belief, Defendant is doing business in this State and District and/or has sufficient minimum contacts with this State to support the exercise of personal jurisdiction.

7. Venue is proper in this Court under the provisions of 28 U.S.C. § 1391.

8. On or about November 12, 2012, Defendant, through counsel, sent a letter to the corporate office of Plaintiff, alleging ownership of U.S. Trademark Registration No. 2,964,425 for the purported PROVEN PERFORMANCE mark, and U.S. Trademark Registration No. 2,950,966 for the purported S&S PROVEN PERFORMANCE & Design mark, and alleging that the use of the terms "proven performance" in conjunction with the tagline "Trust the name. Trust the pipe. Legendary reputation of proven performance" is likely to create consumer confusion between S&S and Rinehart Racing. Defendant's counsel demanded that Plaintiff immediately cease any and all uses of the terms "proven performance."

9. By virtue of Defendant's accusation that Plaintiff is causing a likelihood of consumer confusion, Plaintiff stands accused of infringing Defendant's alleged trademark rights in its purported PROVEN PERFORMANCE mark and/or its purported S&S PROVEN PERFORMANCE & Design mark.

10. Plaintiff has not violated any purported rights of Defendant, and is not liable to Defendant for trademark infringement or any other federal, state, or common law causes of action, in law or in equity.

11. There is an actual and substantial controversy between Plaintiff and Defendant of sufficient immediacy and reality to warrant the rendering of a declaratory judgment by this Court. The allegations against Plaintiff cause uncertainty as to Plaintiff's rights on a going forward basis, likely leading Plaintiff to lose revenues and/or business opportunities.

12. Plaintiff is entitled to a judgment declaring that it has not violated any purported rights of Defendant under any applicable laws.

WHEREFORE, Plaintiff prays for the entry of a judgment:

A. Declaring that Plaintiff has not infringed or otherwise violated any purported rights of Defendant, including any provisions of 15 U.S.C. § 1114 *et seq.* or any other asserted federal, state, or common law laws; and

B. Granting Plaintiff its costs and awarding Plaintiff its reasonable attorneys' fees and other litigation expenses, together with such further legal and equitable relief as the Court may deem just and proper.

Plaintiff demands a trial by jury on all issues so triable.

Date: December 18, 2012

Respectfully submitted,

<u>s/ J. Mark Wilson</u>
J. Mark Wilson
N.C. State Bar No. 25763
Kathryn G. Cole
N.C. State Bar No. 39106
Moore & Van Allen PLLC
Suite 4700
100 North Tryon Street
Charlotte, NC 28202-4003
Telephone (704) 331-1000
Facsimile (704) 339-5981
Email: markwilson@mvalaw.com
Email: katecole@mvalaw.com

*Attorneys for Plaintiff
Rinehart Racing, Inc.*