IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:12cv397

| | | |
|---|---|---|
| **RINEHART RACING, INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **S&S CYCLE, INC.** | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Pending before the Court is the Motion to Compel [# 30]. Plaintiff moved to compel the production of the facts and data considered by Defendant's expert in the preparation of the expert's report. At the hearing, the Court orally granted the motion and directed Defendant to produce the survey data at issue. In addition, the Court awarded Plaintiff its reasonable expenses in bringing the motion. Consistent with the Court's oral ruling on January 10, 2014, the Court now enters this written Order to supplement its oral ruling.

**I.      Analysis**

Rule 26 of the Federal Rules of Civil Procedure provides that the disclosure of an expert witness "must be accompanied by a written report" that is prepared and signed by the expert witness. Fed. R. Civ. P. 26(a)(2)(B). Pursuant to the Court's Pretrial Order and Case Management Plan, Defendant was required to

1

provide the expert's report to Plaintiff by October 1, 2013. (Order, Jun. 6, 2013.) The expert report "<u>must</u> contain" a variety of information, including "the facts or date considered by the witness in forming [his or her opinions]." Fed. R. Civ. P. 26(a)(2)(B) (emphasis added); <u>see also</u> <u>SSS Enters, Inc. v. Nova Petroleum Realty, LLC</u>, 533 Fed. App'x 321, 323 (4th Cir. 2013) (unpublished). Moreover, the disclosure requirements of Rule 26 are self-executing; the rule mandates what the expert report <u>must</u> contain. Fed. R. Civ. P. 26(a)(2)(B); <u>see also</u> <u>JJI Intern., Inc. v. Bazar Grp., Inc.</u>, C.A. No. 11-206ML, 2013 WL 3071299, at *4 (D.R.I. Apr. 8, 2013) ("The requirement is self-executing and does not countenance selective disclosure."). Finally, courts interpret the term "facts or data" broadly to require the mandatory disclosure of data considered by the expert. Fed R. Civ. P. 26 advisory committee's note. As the Advisory Committee Notes make clear:

> The refocus of disclosure on "facts or data" is meant to limit disclosure to material of a factual nature by excluding theories or mental impressions of counsel. At the same time, the intention is that "facts or data" be interpreted broadly to require disclosure of any material considered by the expert, from whatever source, that contains factual ingredients. The disclosure obligation extends to any facts or data "considered" by the expert in forming the opinions to be expressed, not only those relied upon by the expert.

Fed R. Civ. P. 26 advisory committee notes, 2010 amendments.

In this case, Defendant's expert witness relied on raw survey data to form the opinions provided in the expert report. Despite the plain language of the Rule,

Defendant failed to produce this underlying data as part of its mandatory disclosures pursuant to Rule 26(a)(2)(B). As other Courts have explained, such raw survey data must be produced at part of the mandatory disclosure requirements of Rule 26. See Bazar Group, 2013 WL 3071299, at *4 (collecting cases); see also Deal v. Louisiana ex rel. Dept. of Justice, Civil Action No. 11-743-JJB-RLB, 2013WL 456772, at *6 (M.D. La. Aug. 28, 2013) (holding that plaintiff was required to produce complete tax returns furnished to its expert at the time plaintiff produced the expert report). Based on the plain language of the Rule, Defendant should have produced the underlying survey data as part of its expert report, but failed to do so. Moreover, no subpoena was required to obtain such information; Defendant is obligated to produce this information under Ruled 26(a)(2)(B)(iii). Finally, as Rule 26(a)(2)(B) plainly provides, Defendant was required to produce this data at the time it provided Plaintiff with the expert witness report, not at a time of its choosing. Accordingly, the Court **GRANTS** the motion [# 30]. The Court **DIRECTS** Defendant to produce the underlying survey data at issue in a written format by February 17, 2013. The failure to produce the survey data by this date will result in the Court entering an Order barring the use of the expert's testimony in this case.

Upon a review of the record, the relevant legal authority, and after the benefit of oral argument, the Court also finds that the Defendant's failure to

produce the survey data was not substantially justified. Accordingly, the Court **AWARDS** Plaintiff its reasonable expenses, including attorneys' fees, incurred in bringing the motion. Plaintiff shall have ten (10) days from the entry of this Order to file its request for fees with supporting affidavits of counsel. Defendant shall have ten (10) days to file any objections to the amount of fees sought by Plaintiff. The Court also **DIRECTS** the parties to Confer as to whether they can come to some agreement as to the amount of reasonable fees without further involvement of the Court.

## II. Conclusion

The Court **GRANTS** the Motion to Compel [# 30]. Consistent with this Order, Defendant shall produce the survey data by February 17, 2013. The Court also **AWARDS** Plaintiff its reasonable fees in bringing the Motion to Compel. Plaintiff shall have ten (10) days from the entry of this Order to file its request for fees. Defendant shall have ten (10) days to file any objections. The Court also **DIRECTS** the parties to Confer as to whether they can come to some agreement as to the amount of reasonable fees without further involvement of the Court.

Signed: January 17, 2014

Dennis L. Howell
United States Magistrate Judge